WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Best Western International, Inc., an Arizona non-profit corporation,<br><br>Plaintiff<br><br>vs.<br><br>Tara Hospitality, L.L.C., a Georgia limited liability company; and Kishor Patel, an individual,<br><br>Defendants. | No. CV 07-2265-PHX-JAT<br><br>**ORDER** |

On November 20, 2007, Best Western filed the complaint in this case and simultaneously filed a motion for preliminary injunction. Over 120 days elapsed, and Best Western had not served the summons and complaint on either defendant in this case as required by Federal Rule of Civil Procedure 4(m). As a result, the Court set this case for a show cause hearing for Best Western to show cause why the case should not be dismissed.

Best Western responded to the order to show cause by seeking a 90 day extension of time to serve. Best Western seeks an extension of this expired deadline by avowing that, "as of this date, the process server reports that he has been unable to locate defendants for service. Based on information recently obtained, Plaintiff has reason to believe that the defendants continue to reside in the State of Georgia, and may own and operate a business in said state. Plaintiff, through counsel, has recently learned of a potential address to locate the defendants." Doc. #11.

Once a deadline has expired, a party seeking to extend it must show "excusable neglect" for failing to complete the task within the deadline. Fed. R. Civ. Pro. 6(b). The "excusable neglect" Plaintiff attempts to show is that the defendants — one of which is an entity — "continue" to reside in the same state in which they were always thought to have resided. Next, Plaintiff claims that defendants "may own and operate a business in said state." However, in the motion for preliminary injunction — filed over four months ago — Best Western claimed that, "[b]y continuing to use Best Western Marks, Defendants have caused Best Western to suffer immediate, irreparable, permanent damage to its business, reputation and property, for which there is no adequate remedy at law." Doc. #4 at 3. Based on the allegations in Plaintiff's preliminary injunction motion, defendants have always operated a business at a location known to Plaintiff — specifically in Union City, Georgia. Doc. #4, at 13. In fact, Plaintiff even attached pictures of the business. Doc. #4, at 24-25. Finally, Plaintiff claims it has only recently learned of a potential address for service (presumably for both the entity and the individual). But, Plaintiff makes no showing of what efforts were made within the 120 days to complete service, nor why Plaintiff could not move for this extension before the expiration of the deadline.

Based on this record, the Court finds that Plaintiff has not shown cause why this Court should grant an extension of the deadline to serve. Accordingly,

**IT IS ORDERED** that the motion to extend time to serve (Doc. #11) is denied,

/ / /

/ / /

**IT IS FURTHER ORDERED** that, Plaintiff having failed to show cause why this case should not be dismissed for failing to serve within the time limits of Federal Rule of Civil Procedure 4(m), this case is dismissed, without prejudice, for failing to serve.  The hearing set for April 10, 2008 is vacated.  All remaining motions are denied without prejudice.

DATED this 2nd day of April, 2008.

_____
James A. Teilborg
United States District Judge